UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X   Case No.: 10 CV 5086
WILKINS WILLIAMS,                                                              (BMC)

                                  Plaintiffs,

    --against—      JURY TRIAL DEMANDED


THE CITY OF NEW YORK, POLICE OFFICER ERICK
 FLORES, Shield No. 12470 TAX ID # 943243,
SERGEANT ANTHONY ARMISTEAD Shield No. 310
and JOHN DOE

                                   Defendants,
-------------------------------------------------------------------------------X   **AMENDED COMPLAINT**

       Plaintiff, WILKINS WILLIAMS, by his attorneys, LAW OFFICES OF K.C. OKOLI,

P.C. and RUDY M. BROWN, ESQ., complaining of the

defendants, alleges as follows:


### JURISDICTION AND VENUE

    1.       This is a civil rights action by the plaintiff for damages under 42

 U.S.C. §§1983 and 1988 and Article 1, §§ 1, 11 and 12 of the Constitution and

Laws of New York State. Plaintiff alleges unconstitutional search and seizure,

excessive and unreasonable use of force, battery and false arrest by the

defendants, the City of New York (hereinafter "the City") and its employees

 Police, Officer ERICK FLORES, a Hispanic American, Shield Number

1

12470, Tax Identification number 943243 (hereinafter "FLORES") and Sergeant ANTHONY ARMISTEAD an African American, Shield Number 310, (hereinafter "ARMISTEAD") in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

2. Venue is placed in this district because it is where all the parties reside, work or have their principal place of business, and where the events complained off occurred.

3. At all times hereinafter mentioned, plaintiff, WILKINS WILLIAMS was a resident of Kings County, the City and State of New York.

4. Upon information and belief, at all times hereinafter-mentioned defendant the City is a municipal corporation established under and by virtue of the laws of the State of New York.

5. Plaintiff maintains that the deprivations and violations of his constitutional rights were carried out pursuant to the rules, regulations, customs, policies and practices of defendants, the City, its Police Department ("NYPD") and/or their servants and/or agents who, acting under color of state law, knowingly caused plaintiff to be deprived of his Fourth Amendment constitutional rights by engaging in an unwarranted search and seizure of plaintiff and use of excessive force.

6. The defendant police officers acted under "color of law" to effect

2

and enforce the City's and its police department's policy, custom and practice known as "Zero Tolerance" or "Quality of Life" police enforcement.

7. Said policy, custom and practice instruct, train, promote and encourage police officers to engage in overzealous and abusive practices in effecting arrests.

8. Said policy also results in the unwarranted and unlawful arrest of law-abiding citizens, including plaintiff herein.

9. Specifically, police officers are urged to strenuously enforce every minor offense on the books and to make their presence "felt" in the community with this type of enforcement.

10. This practice has resulted in a sharp increase in police brutality and constitutional violations against citizens and minorities in particular, including plaintiff herein.

11. Said policies, practices and customs of the City and its police department complained of, as well as their omission, deprived plaintiff herein of his rights and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §§1983 and 1988.

12. Plaintiff, WILKINS WILLIAMS, is a forty-seven (47) year old African-American male.

13. Upon information and belief, at all times hereinafter mentioned, the

City operated, maintained, controlled and supervised the NYPD, including all the police officers thereof.

14. At all times hereinafter mentioned, the NYPD employed police officers who performed law enforcement functions for and on behalf of the City within the City's territorial limits.

15. At all times hereinafter mentioned, the defendant police officers, FLORES and ARMISTEAD, were acting in the course and within the scope of their employment as employees of the City.

16. At all times hereinafter mentioned, police officers FLORES and ARMISTEAD, were acting under color of the statutes, ordinances, regulations, customs and usages of the City and State of New York, and under the authority of their office as police officers.

17. That heretofore, and on or about August 16, 2010, a Notice of Claim was duly served upon the City.

18. Defendants have failed to adjust or settle the plaintiff's claims.

19. That this action has been commenced within one year and ninety days after the cause of action of the plaintiff accrued.

### AS AND FOR THE FIRST CLAIM OF UNLAWFUL ARREST AND FOURTH AMENDMENT SEIZURE

20. Plaintiff incorporates by reference each and every allegation

contained in paragraphs "1" through "19" of this complaint as though fully set forth herein.

21. That on or about July 23, 2010, at approximately 6:00 P.M. plaintiff who is a medical doctor was riding his bicycle on his way home from a clinic, American Medical Center, located at 434 Rockaway Ave. Brooklyn, New York.

22. Plaintiff was riding his bicycle in a westerly direction on Rutland Road when a black unmarked car sharply cut him off on Rockaway Parkway. The occupants of said black car were FLORES and ARMISTEAD.

23. ARMISTEAD asked plaintiff "Are you hot?" to which plaintiff responded, "No I am not." ARMISTEAD then said to plaintiff, "But it's hot outside" and plaintiff responded ,"Yeah but you see I am not sweating".

24. ARMISTEAD then asked plaintiff "Why are you wearing a jacket?", and plaintiff responded, "I always do." ARMISTEAD then asked, "What do you have in your jacket?" to which Plaintiff responded, "Nothing."

25. At this point, ARMISTEAD and FLORES alighted from the aforementioned black car and ARMISTEAD said, " Let me see what's in your jacket." Plaintiff asked, "Who are you?" ARMISTEAD said, in response, "The police."

26. Plaintiff then stated, "The police got to have a name and number." ARMISTEAD then said to plaintiff "What the fuck is your problem nigger? What's wrong with you?". ARMISTEAD then started frisking plaintiff.

27. Plaintiff then said, "I did not give you permission to search me, you had no reason to stop me." At this point, FLORES grabbed plaintiff from behind and put plaintiff's neck in a choke hold.

28. Plaintiff tried to remove FLORES' arm from around plaintiff's neck when ARMISTEAD placed his hand on his gun in a threatening manner.

29. Plaintiff then stopped resisting the choke hold of FLORES and FLORES started to use his knee to violently and repeatedly jabbed plaintiff in his back.

30. By that time, plaintiff was beginning to lose consciousness and both men violently catapulted plaintiff to the pavement.

31. The left side of plaintiff's face made contact with the pavement and plaintiff briefly lost consciousness. When plaintiff regained consciousness, plaintiff was being violently shoved into the aforementioned black car.

32. Plaintiff started complaining that the handcuffs were too tight and that his arms had gone numb. When the officers arrived at the 73rd Precinct, instead of loosening the handcuffs, ARMISTEAD proceeded to tighten them even further, in response to plaintiff's complaints.

33. Eventually, plaintiff was taken to a room by FLORES and plaintiff's belt and shoelaces were removed. FLORES then took off the handcuffs and placed plaintiff in a cell with about twelve (12) other unknown persons.

34. Plaintiff was later taken back out of the aforementioned cell after about an hour and given two tickets by ARMISTEAD (1) for riding on the sidewalk and (2) for disorderly conduct. The tickets are a cover-up because Plaintiff did not do any of the things which defendants allege in the tickets.

35. Plaintiff's bicycle and money were returned to him. Plaintiff's sunglasses and a wristwatch given to plaintiff by plaintiff's deceased father were never found. Plaintiff's cell phone, which had also been seized by the officers was returned to him but the call record on the phone had been completely wiped clean.

36. After receiving his possessions, plaintiff saw a poster on the wall of the precinct advertising the Civilian Complaint Review Board (CCRB). The poster indicated, among other things, that one could make a complaint of police abuse at the precinct.

37. Plaintiff indicated to John Doe, a white officer who was at the front desk, that he would like to make a complaint about the wholly unlawful abuse he had suffered at the hands of FLORES and ARMISTEAD.

38. Apparently, John Doe called ARMISTEAD and informed him that plaintiff was trying to lodge a complaint against ARMISTEAD.

39. ARMISTEAD, who had apparently left the precinct, returned to

the Precinct and said to plaintiff, "They call me and tell me you are trying to cause trouble here. I am telling you to take your shit and leave."

40. ARMISTEAD then left the precinct but returned a second time and told plaintiff outside of the precinct station "I am asking you nicely to leave." When plaintiff said " And if I don't leave?", ARMISTEAD said, "I will re-arrest you!". ARMISTEAD'S manner was threatening with the clear intent to further intimidate plaintiff.

41. By reason of the foregoing plaintiff has suffered loss and damage.

### AS AND FOR THE SECOND CLAIM OF EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S FOURTH AMENDMENTS RIGHTS

42. Plaintiff incorporates by reference each and every allegation contained in paragraphs "1" through "41" of this complaint as though fully set forth herein.

43. Defendants, FLORES and ARMISTEAD used excessive force on plaintiff during their aforesaid street encounter with plaintiff and when ARMISTEAD deliberately tightened plaintiff's handcuffs at the precinct without justification.

44. As a direct and proximate result of the aforesaid conduct by FLORES and ARMISTEAD, plaintiff has suffered loss and damage.

## AS AND FOR THE THIRD CLAIM FOR COMMON LAW
## FALSE ARREST, ASSAULT AND BATTERY

45.  Plaintiff incorporates by reference each and every Allegation contained in paragraph "1" through "44" of this complaint as though fully set forth herein.

46.  Defendants FLORES and ARMISTEAD intentionally struck, battered and otherwise assaulted Plaintiff without lawful justification.

47.  Defendants falsely arrested Plaintiff without any reasonable or probable cause to effect Plaintiff's arrest.

48.  By reason of the foregoing, FLORES and ARMISTEAD committed false arrest, assault and battery on Plaintiff, and Plaintiff has suffered loss and damage.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally:

a)  On the First Claim, Two Million, Five Hundred Thousand Dollars ($2,500,000.00);

b)  On the Second Claim, Two Million, Five Hundred Thousand Dollars ($2,500,000.00);

c)  On the Third Claim, Two Million, Five Hundred Thousand Dollars ($2,500,000.00)

    d)    Punitive damages against FLORES, ARMISTEAD and John Doe;

    e)    Reasonable attorneys' fees;

    f)    Interest;

    g)    Costs and disbursements;

    h)    Such other or further relief as the court may deem just in the circumstances.

Dated:    New York, New York
              March 5, 2011

                            LAW OFFICES OF K.C. OKOLI, P.C.
                            330 Seventh Avenue, 15th Floor
                            New York, N.Y. 10001
                            (212) 564 8152

                            By:  *K.C. Okoli*
                                 K.C. Okoli, Esq. (KO7222)

                            RUDY M. BROWN, ESQ.
                            (RB 6514)
                            26 Court Street, Suite 1809
                            Brooklyn, N.Y. 11242
                            (718) 222 0688

                            *Attorneys for Plaintiff*
                            *WILKINS WILLIAMS*

<u>FOR SERVICE ON:</u>

MICHAEL A. CARDOZO
Corporation Counsel
NYC Law Department
100 Church Street
New York, New York 10007
By: Vicki R. Zgodny
Assistant Corporation Counsel
Attorney for the Defendant